UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 99-003-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ANTONIO BURNS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

At the conclusion of a December 17, 2020, hearing, Defendant Antonio Burns was re-sentenced[1] by the Court to a total term of 360 months' imprisonment, to be followed by a six-year term of supervised release. [Record No. 580] When asked whether he had any objections to the announced sentence, Burns and his counsel raised none. However, after the hearing concluded and the judgment was entered, Burns filed a motion to amend the judgment. [Record No. 581] In support, he argues that the imposition of a six-year term of supervised release for Count 8 was vindictive, and he objects to the imposition of a term of supervised release on the remaining counts. [*Id.*] The government has responded [Record No. 583], and

---

[1] Burns was originally sentenced to a lifetime term of imprisonment in 2000, later reduced to 360 months' imprisonment by the sentencing judge in 2015. [Record Nos. 302, 515] After his request for a sentence reduction under the First Step Act was denied [Record No. 553] and a term of supervised release was imposed without a resentencing hearing [Record No. 554], the Sixth Circuit remanded his case for further proceedings. *See United States v. Burns*, No. 19-5222 (6th Cir. Aug. 21, 2020) [Record 35 therein, Record No. 565 on this Court's docket]. This matter was assigned to the undersigned prior to the resentencing hearing.

Burns has not submitted a reply. The present motion will be denied because the Court lacks jurisdiction to grant the requested relief.

Burns filed a timely notice of appeal on December 30, 2020. [Record No. 584] And when a notice of appeal is filed, it "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam). Accordingly, a district court may only act to "aid the appellate process" and may not take any action that would "alter the case on appeal." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003). Amending a judgment that is currently being appealed would undoubtedly alter the appeal, so the Court lacks jurisdiction to grant Burns' motion.

But "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," Federal Rule of Criminal Procedure 37 allows courts to "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). Accordingly, "[t]he third option, a so-called 'indicative ruling,' is the most that [Burns] could possibly earn in the current case posture." *United States v. Gowder*, 6: 17-cr-025-REW, 2020 U.S. Dist. LEXIS 169542, at *7 (E.D. Ky. Sept. 16, 2020) (citation omitted).

For procedural and substantive reasons, an indicative ruling is not appropriate here. First, Burns has not identified what Federal Rule of Criminal Procedure he is invoking in his motion to amend. Rule 35(a) provides a sentencing court 14 days to "correct a sentence that

resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).  But the Court's authority under that rule is "extremely limited," and it "is not intended to afford the court the opportunity to change its mind about the appropriateness of the sentence." *United States v. Arroyo*, 434 F.3d 835, 838 (6th Cir. 2006) (quoting *United States v. Galvan-Perez*, 291 F.3d 401, 406 (6th Cir. 2002)).

Additionally, as the government notes, Rule 36 is also inapplicable to Burns' motion. [Record No. 583, pp. 1–2]  That rule permits a court to "correct a clerical error in a judgment . . . ." Fed. R. Crim. P. 36.  However, "a clerical error must not be one of judgment or even of misidentification, but merely of recitation . . . mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (citation omitted).  Burns has not alleged a clerical error, or any errors addressed in Rule 35.  And he has not responded to the government's argument that he has not raised his objection properly.  Accordingly, an indicative ruling is not warranted because his motion to amend is procedurally improper.

But even if the Court could reach the merits of Burns' motion, an indicative ruling would not be given.  His first argument (i.e., that the Court engaged in vindictive sentencing) clearly is without merit.  Simply put, the presumption of vindictiveness outlined in *North Carolina v. Pearce*, 395 U.S. 711 (1969), is more limited than Burns suggests.  Today, it "applies . . . only where there is a 'reasonable likelihood' that the increased sentence is the product of 'actual vindictiveness' on the part of the sentencing judge." *Cracycraft v. Cook*, 634 F. App'x 490, 493 (6th Cir. 2015) (quoting *Alabama v. Smith*, 490 U.S. 794, 799–800 (1989)).  Burns has pointed to no evidence in the record that suggests his sentence was the result of actual vindictiveness.

His second argument, that a term of supervised release should not have been added to the other counts of conviction, also falls short. Burns' original life sentence included no term of supervision, as he was not scheduled to be released. [Record No. 302] When his sentence was reduced to 360 months, no term of supervised release was imposed due to "an oversight." [Record Nos. 515; 553 p. 1] The defendant then requested that a term of supervised release be added to his sentence so that he may utilize early-release provisions of the 2018 First Step Act. [Record Nos. 545, 549]

Given this procedural history, and after full consideration of the sentencing factors in 18 U.S.C. § 3553(a), the Court corrected the original oversight and imposed a term of supervised release for all counts of conviction. [Record No. 580] The longest term (imposed for Count 8) runs concurrently with the shorter terms. As a result, the terms of supervised release imposed on the remaining counts of conviction do not increase the punishment. [*Id.*] Therefore, because Burns does not show that the terms of supervision to which he objects will have an impact on his punishment, an indicative ruling is not appropriate.

Accordingly, it is hereby

**ORDERED** as follows:

1.   Seeing neither a basis for granting the motion if the matter were remanded nor a substantial issue, the Court **DECLINES** to issue an indicative ruling.

2.   Defendant Burns' motion to amend the judgment [Record No. 581] is **DENIED**.

- 5 -

Dated: January 14, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky